ORD. PET.

Case 7.

## Petty vs. Malier.

### APPEAL FROM ANDERSON CIRCUIT.

1. A judgment for an entire tract of land, where the plaintiff shows title to only part, is erroneous.

2. Where a married woman is a party, her husband must be joined with her, unless the action concerns her separate property, when she may sue alone. (*Code of Practice, sec. 76.*)

3. Separate property of a *feme covert* is that of which she has the exclusive control, independent of her hunsband, and the proceeds of which she may dispose of as she pleases, and is imparted to it by the instrument by which it is held. (*Johnson and wife v. Jones,* 12 *B. Monroe,* 329.)

4. A verdict and judgment obtained by a plaintiff who shows no right to sue cannot be sustained. (*Code of Practice, sec.* 381.)

5. If the legal incapacity to sue appear on the face of the petition, and defendant fails to demur, it is a waiver of the error. (*Code of Practice, sec.* 149.) Not so where it is alleged in the answer and proved upon the trial.

December 10.

Judge SIMPSON delivered the opinion of the court.

Case stated.

This action was brought for a tract of land, stated by the plaintiff, Malier, in her petition, to be in the possession of the defendants. The defendants, in their answer, denied the plaintiff's right to the land, and alleged that she was a married woman, and had no right to maintain the action without joining her husband as a co-plaintiff. The plaintiff having obtained a verdict and judgment for the land sued for, the defendants have appealed to this court.

1. A judgment for an entire tract of land, where the plaintiff shows title only to part, is erroneous.

The plaintiff claimed the land as the daughter and heir at law of Frederick Cogwell. It was proved upon the trial that Cogwell, at the time of his death, left two daughters, one of whom had since died intestate, after she had attained the age of twenty-one. At the time of her death her mother was alive, and is still living, and consequently her undivided half of the land, if she had not parted with the title to it in her lifetime, passed by descent, upon her death, to her mother and sister, in equal portions. There was some testimony introduced tending to prove that she had sold her interest in the land in contest during her lifetime, to one of the defendants, but no conveyance of

her title was produced upon the trial. If the title under which the plaintiff claimed the land was good and valid, and entitled her to recover her interest in it, still it is evident that she was not invested with the title to the whole of it, but that she only had the title to three undivided fourth parts thereof, even if her sister had not parted with her title in her lifetime; she had no right, therefore, to a judgment for the whole land, and in this respect the judgment is erroneous.

But there is another objection to the judgment, of a more fatal nature, as it affects not only the whole judgment, but also the plaintiff's right to prosecute the action in her own name alone. It was proved upon the trial that she was a married woman when she brought the action, and her husband and herself were then, and still were living together.

Where a married woman is a party, her husband must be joined with her, except that, where the action concerns her separate property, she may sue alone—*sec.* 76, *Code of Practice.* This action may have been brought in her name alone, under a misconception as to the description of property belonging to a married woman, that is referred to in this section. The *separate* estate of a married woman is that alone of which she has the exclusive control, independant of her husband, and the proceeds of which she may dispose of as she pleases. All her real estate does not belong to her as her *separate* property. That character must be imparted to the property by the instrument which invests her with the right to it. *Johnston and wife v. Jones,* 12 *B. Monroe,* 329.

But it is contended, that under the Code the objection to her right to maintain the action in her own name alone was waived by the failure of the defendants to insist upon it on the trial, by a motion to the court. The defendants do not seem to have asked for any instruction, but to have excepted to those that were given at the instance of the plaintiff. They presented this ground of defense in their answer, and sustained it upon the trial by proof. The instruction

*2. Where a married woman is a party, her husband must be joined with her, unless the action concerns her separate property, when she may sue alone. (Code of Practice, section 76.)*

*3. Separate property of a feme covert is that of which she has the exclusive control, independent of her husband, and the proceeds of which she may dispose of as she pleases, and is imparted to it by the instrument by which it is held. (Johnston and wife v. Jones, 12 B. Monroe, 329.)*

*4. A verdict and judgment obtained by a plaintiff who shows no right to sue cannot be sustained. (Code of Practice, sec. 381.)*

given by the court, that the plaintiff could recover if the jury believed that the ancestor of the plaintiff, and those claiming under him, had been in possession of the land in contest for twenty years before the defendants had acquired the possession thereof, was improperly given when it appeared that the plaintiff was a married woman, and could not maintain the action in her own name; the defendants did not waive this defense by failing to insist upon it before the court by motion. If no instructions had been moved for or given on either side, a verdict for the plaintiff would have been contrary to law, and would have entitled the defendants to a new trial. (*Code of Practice, sec.* 381.)

5. If the legal incapacity to sue appear on the face of the petition, and defendant fails to demur, it is a waiver of the error. (*Code of Practice, section* 149.) Not so where it is alleged in the answer and proved upon the trial.

That the plaintiff has not legal capacity to sue is cause of demurrer, if the fact appears on the face of the petition; and in such a case a failure to demur amounts to a waiver of the objection—*sec.* 149. But where the fact does not appear in the petition, but is relied upon in the answer and proved upon the trial, the defendant is entitled to the full benefit of the objection.

Wherefore, the judgment is reversed, and cause remanded for a new trial, and further proceedings consistent with this opinion.

KAVANAUGH and PENNY for appellant; DRAFFIN and HARLAN for appellee.